IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TREVION JONES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>C.C.C/PETER MOLNAR, and JENNIE DIEDER,<br><br>　　　　Defendant. | CV-20-92-GF-BMM-JTJ<br><br>Order and Findings and Recommendations of United States Magistrate Judge |

　　　Plaintiff Trevion Jones, a federal pretrial detainee proceeding without counsel, filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983 alleging Defendants were negligent in treating his health issues.

　　　The Court will grant the motion to proceed in forma pauperis but because Mr. Jones's allegations fail to state a federal claim upon which relief may be granted, this matter should be dismissed.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

　　　Mr. Jones filed a Motion to Proceed in Forma Pauperis but he failed to submit an account statement as required by 28 U.S.C. § 1915(a).  (Doc. 1.) Nevertheless, the Court will grant the request to proceed in forma pauperis but since Mr. Jones is a prisoner, he must still pay the statutory filing fee of $350.00.

1

28 U.S.C. § 1915(b)(1).  The Court will waive the initial partial filing fee required under 28 U.S.C. § 1915(b)(1).  *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Mr. Jones may proceed with the case, but he must pay the full filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Jones must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*

By separate order, the Court will direct the facility where Mr. Jones is currently incarcerated to forward payments from Mr. Jones's account to the Clerk of Court each time the account balance exceeds $10.00, until he has paid the filing fee in full.  28 U.S.C. § 1915(b)(2).

## II.  SCREENING STANDARD

Mr. Jones is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A

complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between

probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed.R.Civ.P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. SCREENING ANALYSIS

Mr. Jones alleges he had been complaining of a headache for five days and by the sixth day he was incoherent and on July 30, 2020 he taken to the local hospital and a hematoma was found and fluid drained. He was then returned to

4

CCC before he was ready. He alleges the Warden, and the doctor at the hospital complained of treatment costs. Once he was returned to CCC he received no continued care as prescribed. He was put in isolation and a few days later his condition worsened, and he was driven to the hospital and ultimately life flighted to the hospital in Great Falls after suffering a stroke. (Complaint, Doc. 2 at 4-5.)

Mr. Jones lists 42 U.S.C. § 1983 as the basis for jurisdiction in this case. (Complaint, Doc. 2 at 3, ¶ II.) The Court, however, takes judicial notice of the docket in Mr. Jones's criminal case, Criminal Action No. 20-cr-00032-BLG-SPW which indicates that he had his initial appearance in his federal criminal matter on April 16, 2020. Because Mr. Jones was in federal custody at all times giving rise to his allegations, his claims arise under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is the "federal analogue" to § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006). *Bivens* provides for a private cause of action for damages to proceed against federal actors for constitutional torts. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (*citing Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).

Crossroads is a private prison where Mr. Jones was incarcerated presumably under an agreement with the United States Marshals. Accordingly, although the Crossroads' employees are private individuals, they are considered federal actors rather than state actors for purposes of this case. *Pollard v. GEO Group, Inc.*, 607

5

F.3d 583, 588–89 (9th Cir. 2010), *rev'd on other grounds sub nom. Minneci v. Pollard*, 132 S.Ct. 617 (2012); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 940–41 (1982); *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Normally an action for constitutional violations committed by federal actors can be brought under *Bivens*, however, the United States Supreme Court has made clear that a prisoner cannot assert an Eighth Amendment *Bivens* claim for damages against private prison employees. *Minneci v. Pollard*, 565 U.S. 118, 132 S.Ct. 617, 181 L.Ed.2d 606 (2012). In *Minneci*, the U.S. Supreme Court considered whether a Bivens action based on the Eighth Amendment was available against employees of a privately operated federal prison. The plaintiff in *Minneci* was a prisoner at a federal facility operated by a private company and filed an Eighth Amendment claim against the prison medical staff. *Id*. at 121. The Court held that a person cannot assert an Eighth Amendment *Bivens* claim based on insufficient medical treatment against employees of a private prison. *Id*. at 131. The Court noted that a *Bivens* action will not succeed when there is an existing alternative process that provides adequate protection. *Id*. at 118, 120-121 (*citing Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

In Montana, state tort law provides for ordinary negligence actions. A negligence claim depends upon establishment of a legal duty on the part of the

defendant, breach of that duty, causation, and damages. *Lopez v. Great Falls Pre–Release Services*, 1999 MT 199, ¶ 18, 295 Mont. 416, 986 P.2d 1081. Determination of the existence of a duty is an issue of law. *Lopez*, ¶ 31. Under the public duty doctrine, a government officer may have an actionable duty to a particular individual where the government has actual custody of the plaintiff or of a third person who harms the plaintiff. *Gonzales v. City of Bozeman*, 352 Mont. 145, 150, 217 P.3d 487, 491, 2009 MT 277 (2009).

In this case, Mr. Jones attempts to bring a *Bivens* action against defendants who are employees of Crossroads Correctional Center, a private company. Although his claims arise under the Fourteenth Amendment as opposed to the Eighth Amendment because he was a pretrial detainee, the holding in *Minneci* still applies. As there are state tort laws that provide adequate remedies against employees of private prisons, the Court should dismiss this federal action for a constitutional claim of failure to protect.

Accordingly, the Court issues the following:

### ORDER

1. Mr. Jones's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED."

3. At all times during the pendency of this action, Mr. Jones must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Jones may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of January, 2021.

>*/s/ John Johnston*
>John Johnston
>United States Magistrate Judge

---

Jones is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.